UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00196-RJC-DSC

| | |
|---|---|
| TROVE BRANDS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| AIEVE LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on the Motion for Default Judgment, (DE 12), filed by Plaintiff Trove Brands, LLC d/b/a The BlenderBottle Company ("Plaintiff" or "BlenderBottle"), against Defendant Aieve LLC ("Defendant"). Plaintiff filed its Motion for Entry of Default and Motion for Default Judgment on July 27, 2021. (DEs 11–12). Default was entered against Defendant for its failure to appear or otherwise defend on August 2, 2021. (DE 14). To date, Defendant has failed to appear and cure its default or otherwise defend. Having reviewed the claims asserted in the Complaint, (DE 1), and the evidence submitted in connection with the Motion for Default Judgment, (DE 12), the Court finds that the Motion should be, and hereby is, **GRANTED**. The Court **ORDERS** and **ADJUDGES** as follows:

1. Plaintiff's Motion for Default Judgment, (DE 12), against Defendant is hereby **GRANTED**.

2. Default was entered against Defendant on August 2, 2021. (DE 14). Accordingly, all of the facts and allegations in the Complaint are deemed admitted by Defendant.

3. Plaintiff is the exclusive licensee for the following Patents and has been granted all rights thereunder, including the right and standing to enforce the following Patents:

a. United States Design Patent No. D696,551 (the "D551 Patent"), titled "BOTTLE LID HAVING INTEGRATED HANDLE;"

b. United States Design Patent No. D748,478 (the "D478 Patent"), titled "CLOSURE FOR A CONTAINER;"

c. United States Design Patent No. D820,038 (the "D038 Patent"), titled "LID FOR A CONTAINER;" and

d. United States Patent No. 8,695,830 (the "'830 Patent"), titled "CONTAINER LID HAVING INDEPENDENTLY PIVOTING FLIP TOP AND HANDLE;" (collectively, the "Asserted Patents").

4. Plaintiff's rights in the Asserted Patents are valid and enforceable.

5. Defendant has willfully infringed the Asserted Patents under 35 U.S.C. § 271.

6. Defendant, its respective officers, directors, agents, servants, employees, customers, and attorneys, and those persons in active concert or participation with them, shall be permanently enjoined and restrained from infringing United States Patent No. 8,695,830 and/or United States Design Patent Nos. D696,551, D748,478, and/or D820,038, in violation of 35 U.S.C. § 271, including, for example, through the manufacture, use, sale, offer for sale, and/or importation into the United States of Defendant's products accused of infringing United States Patent No. 8,695,830, and/or United States Design Patent Nos. D696,551, D748,478, and/or D820,038, and any products that are not colorably different from these products.

7. Plaintiff owns valid and enforceable rights in its lids bearing a distinctive trade dress in its overall design (the "Lid Trade Dress").

8. Defendant has willfully infringed Plaintiff's Lid Trade Dress.

9. Defendant's use of the Lid Trade Dress without Plaintiff's consent constitutes false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of its products or commercial activities in violation of 15 U.S.C. § 1125(a).

10. Defendant, its agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or activities from, shall be permanently enjoined and restrained from assisting or inducing, directly or indirectly, others to engage in the following activities:

    a. manufacturing, importing, marketing, displaying, distributing, offering to sell, and/or selling Defendant's products infringing BlenderBottle®'s Lid Trade Dress or any products that are not colorably different therefrom;

    b. using BlenderBottle®'s Lid Trade Dress or any other trade dress that is confusingly similar to BlenderBottle®'s Lid Trade Dress;

    c. falsely designating the origin of Defendant's products;

    d. passing off Defendant's products as those of BlenderBottle®;

    e. misrepresenting by any means whatsoever, directly or indirectly, the source or sponsorship of any of Defendant's products;

    f. unfairly competing with BlenderBottle® in any manner whatsoever; and

    g. causing a likelihood of confusion or injuries to BlenderBottle®'s business reputation.

11. That this is an exceptional case under 15 U.S.C. § 1117 and/or 35 U.S.C. § 285.

12. Defendant's infringement is willful.

13. Plaintiff is also hereby awarded the attorneys' fees, expenses, and costs incurred by Plaintiff in connection with this action pursuant to 35 U.S.C. § 285, 15 U.S.C. § 1117, and/or North Carolina law.

14. Within 15 days after this Judgment has been entered by the Court, Plaintiff shall submit further papers, including a declaration, to this Court setting forth the amount of Plaintiff's reasonable attorneys' fees and costs.

15. After this Judgment has been entered by the Court, Plaintiff shall promptly serve a copy of it on Defendant, and Plaintiff shall file with the Court a proof of service thereof within 15 days thereafter.

16. This Court retains jurisdiction over this matter for the purpose of making any further orders necessary or proper for the construction of this Judgment, the enforcement thereof, and the punishment of any violations thereof.

**SO ORDERED.**

Signed: December 30, 2021

*[signature]*

Robert J. Conrad, Jr.
United States District Judge